| | |
|---|---|
| 1 | Neville L. Johnson (SBN 66329) |
| 2 | Jordanna G. Thigpen (SBN 232642) |
|   | Daniel B. Lifschitz (SBN 285068) |
| 3 | JOHNSON & JOHNSON LLP |
|   | 439 North Canon Drive, Suite 200 |
| 4 | Beverly Hills, California 90210 |
|   | Telephone:  (310) 975-1080 |
| 5 | Facsimile:   (310) 975-1095 |
|   | Email:       njohnson@jjllplaw.com |
| 6 |              jthigpen@jjllplaw.com |
| 7 |              dlifschitz@jjllplaw.com |

*Attorneys for Defendant*
BC Strategy UK Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENSOR LAW P.C., a California corporation, | CASE NO. 2:18-cv-01490-SVW (SKx) |
| Plaintiff, | **BC STRATEGY UK LTD.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT UNDER RULES 8(a), 12(b)(2), 12(b)(4), 12(b)(5), AND 12(b)(6)** |
| v. | |
| MICHAEL F. RUBIN, et al., | |
| Defendant. | |
| | Hearing |
| | Date:       September 17, 2018 |
| | Time:       1:30 P.M. |
| | Location:   350 W. 1st Street |
| |             Courtroom 10A, 10th Floor |
| |             Los Angeles, CA 90012 |
| | *[Declaration of Dr. Avi Yanus; Evidentiary Objections filed concurrently herewith]* |

# TABLE OF CONTENTS

**I. INTRODUCTION** ................................................................................................. 1

**II. PLAINTIFF CONCEDES THAT BC IS NOT SUBJECT TO GENERAL JURISDICTION** .......................................................................................................... 2

**III. THERE IS NO BASIS FOR SPECIFIC JURISDICTION OVER BC** ..... 3

   A. Plaintiff's Factual Contentions ................................................................ 3

      1. The Contract ..................................................................................... 3

      2. BC's Alleged Retention of K&L Gates .......................................... 4

      3. Plaintiff's Other Submissions ........................................................ 4

   B. Plaintiff Has Not Met Its Burden to Demonstrate that BC is Subject to Specific Jurisdiction ....................................................................................... 6

      1. Plaintiff Did Not Make the Required Showing Under the First Prong ............................................................................. 6

      2. Plaintiff Did Not Meet Its Burden on the Second Prong ................ 7

      3. Plaintiff's "Agency" Theory Is No Basis to Assert Jurisdiction Over BC ....................................................................... 8

   C. Plaintiff Does Not Dispute That the Exercise of this Court's Jurisdiction Over Defendant Would Be Unreasonable ................................... 8

**IV. DEFENDANT HAS NOT BEEN SERVED** ................................................... 8

**V. PLAINTIFF'S COMPLAINT VIOLATES FED. R. CIV. P. RULE 8** ....... 9

**VI. PLAINTIFF'S COMPLAINT VIOLATES FED. R. CIV. P. RULE 12(b)(6)** ............................................................................................................ 9

   A. Plaintiff's "Undisclosed Principal" Allegations Are Improper .............. 9

   B. Plaintiff's New Theory of the "Imputed Knowledge Rule" Likewise Fails Because He Has No Facts to Indicate That Rubin Was the Principal of BC ........................................................................................... 10

   C. Plaintiff Does Not Dispute That BC Is Not Named In Any of Plaintiff's Causes of Action ............................................................................................ 10

**VII. CONCLUSION** ........................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*
  368 F.3d 1174, 1180 (9th Cir.2004) .............................................................. 3

*Ballard v. Savage*
  65 F.3d 1495 (9th Cir. 1995) ..................................................................... 6, 7

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ..................................................................................... 10

*Bernhardt v. Los Angeles Cnty.*
  339 F.3d 920, 925 (9th Cir. 2003) ............................................................. 1-2

*Boschetto v. Hansing*
  539 F.3d 1011, 1017 (9th Cir. 2008) ............................................................ 4

*Bristol-Myers Squibb Co.*
  137 S. Ct. 1773 (2017) ................................................................................... 1

*Brayton Purcell LLP v. Recordon & Recordon*
  606 F.3d 1124 (9th Cir. 2010) ....................................................................... 6

*Calder v. Jones*
  465 U.S. 783 (1984) ....................................................................................... 6

*CollegeSource, Inc. v. AcademyOne, Inc.*
  653 F.3d 1066 (9th Cir. 2011) ....................................................................... 6

*Colonial Imports Corp. v. Volvo Cars of North America, Inc.*
  Case No. CIV 98-342-B, 2001 WL 274808 (D.N.H. Jan. 9, 2001) ............... 1

*Core-Vent Corp. v. Nobel Indus. AB*
  11 F.3d 1482, 1490 (9th Cir. 1993) ............................................................... 3

*Del E. Webb Corp. v. Structural Materials Co.*
  123 Cal.App.3d 593, 606 (1981) ............................................................. 9-10

*Fiore v. Walden*
    688 F.3d 558 (9th Cir. 2012) .................................................................................. 8
*Klinger v. Modesto Fruit Co.*
    107 Cal.App.97, 100-01 (1930) ........................................................................... 8
*Morrill v. Scott Fin. Corp.*
    873 F.3d 1136 (9th Cir. 2017) .............................................................................. 4
*Nault's Auto. Sales, Inc. v. American Honda Motor Co., Inc. Acura Auto Div.*
    148 F.R.D. 25, 37-38 (D.N.H. 2001) .................................................................. 1
*Pebble Beach Co. v. Caddy*
    453 F.3d 1151 (9th Cir. 2006) .............................................................................. 3
*Picot v. Weston*
    780 F.3d 1206 (9th Cir. 2015) .............................................................................. 7
*Roblin v. Newmar Corp.*
    No. 6:17-cv-01902-MC, 2018 U.S. Dist. LEXIS 114286 (D. Or. July 10,
    2018) ..................................................................................................................... 8
*Sher v. Johnson*
    911 F.2d 1357 (9th Cir. 1990) .............................................................................. 6
*Terracom v. Valley Nat. Bank*
    49 F.3d 555 (9th Cir. 1995) .................................................................................. 6
*Walden v. Fiore*
    134 S. Ct. 1115 (2014) .......................................................................................... 4
*Williams v. Yamaha Motor Co.*
    851 F.3d 1015 (9th Cir. 2017) .............................................................................. 8

**STATUTES**

Federal Rules of Civil Procedure 4 ................................................................................ 2

Federal Rules of Civil Procedure 12(b)(2) ..................................................................... 4

Federal Rules of Civil Procedure 12(b)(6) ..................................................................... 2

Cal. Corp. Code § 291(a) ............................................................................................ 8-9

Cal. Corp. Code § 2105 .................................................................................................. 8

Cal. Corp. Code § 2114 .................................................................................................. 8

Cal. Code Civ. Proc. § 415.10 ........................................................................................ 9

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I. INTRODUCTION**

3 One hopes that the problem is merely that Plaintiff Tensor Law, P.C.
4 ("Plaintiff") is just very confused about the state of the applicable precedent, the
5 standards for pleading, and this Court's Local Rules. In any case, Plaintiff's FAC
6 must be dismissed as to Defendant BC Strategy UK, Ltd. ("BC" or "Defendant").

7 It is impossible to address all of Plaintiff's reckless statements and
8 misunderstandings of law in ten pages. BC will try to reach the major problems
9 and reserves the right to address the remainder at the hearing as necessary. In
10 particular, the bad-faith accusations that BC's principal and one of its attorneys
11 have committed and suborned perjury, respectively, are blatantly false and possibly
12 subject to sanctions under Rule 11. Accusing another officer of the court of a
13 ***federal crime***, without legal or factual basis to do so, is a very serious form of
14 misconduct and maliciously impugns counsel's professional standing. *See Nault's*
15 *Auto. Sales, Inc. v. American Honda Motor Co., Inc. Acura Auto Div.*, 148 F.R.D.
16 25, 37-38 (D.N.H. 2001) [overruled on other grounds in *Colonial Imports Corp. v.*
17 *Volvo Cars of North America, Inc.*, Case No. CIV 98-342-B, 2001 WL 274808
18 (D.N.H. Jan. 9, 2001)] (imposing a variety of sanctions against counsel for accusing
19 opposing counsel of suborning perjury).

20 Plaintiff elected not to challenge any of the numerous authorities cited by
21 Defendant in support of its motion to dismiss. Instead, Plaintiff filed an untimely
22 pleading consisting mainly of the convoluted and factually unsupported musings of
23 a lay witness. Plaintiff's opposition does *absolutely nothing* legally or factually to
24 demonstrate any basis for personal jurisdiction over BC. BC lacks the minimum
25 contacts and substantial connection that is necessary for the appropriate exercise of
26 personal jurisdiction over it in the Central District of California. *See Bristol-Myers*
27 *Squibb Co.*, 137 S. Ct. 1773, 1780 (2017). While this is the type of pleading that
28 might be expected and tolerated from a plaintiff proceeding *pro se,* this Plaintiff is

represented by counsel. *Cf Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.")

Even assuming there was a valid contract purportedly signed by BC (and even if such contract provided for BC's *potential* work in California), this single transaction cannot establish that BC had the type of contact with California necessary to support jurisdiction. In addition (and even if admitted over BC's objections) the contract has absolutely no connection to *Plaintiff*.

Plaintiff does not even bother to address BC's argument that it did not effect proper service of process under Fed. R. Civ. P. 4 and/or the Hague Convention. Plaintiff's only reference to this argument is to conclude that Rule 4 and/or the Hague Convention simply do not apply: "[T]here is no requirement for service of process in the UK." *See* Pltf.'s Opp. to MTD, Dkt. 56, 9:2. Clearly, this is an insufficient basis for opposition. Plaintiff likewise can only make a cursory response of 2 pages (out of its 15-page brief) to the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and utterly fails to address the authorities presented by BC's motion.

At this point, it has to end. Plaintiff filed this action in California state court, then dismissed and re-filed it here, and the operative complaint is the FAC. Plaintiff is thus on its third iteration of pleading. There is nothing left for Plaintiff to say that has not already been said. Plaintiff appears to be complaining about a client that decided not to use its services. Yet in its zeal to punish someone (anyone, apparently) for its failure to retain a client (who ultimately had the *absolute right* to select her counsel), Plaintiff has cravenly determined to ride the coattails of a national tragedy: the abuse of dozens of women by criminal defendant Harvey Weinstein. Plaintiff's entire action must fail, particularly as to BC.

## II. PLAINTIFF CONCEDES THAT BC IS NOT SUBJECT TO GENERAL JURISDICTION

With limited exception described below, Plaintiff did not dispute any of the

2
BC STRATEGY UK'S REPLY ISO MOTION TO DISMISS

facts set forth in the declaration of BC's sole director, Dr. Avi Yanus. Because of Plaintiff's failure to dispute these facts with any competent evidence of its own, the Court can now assume the truth of all of these facts for purposes of determining whether jurisdiction over BC is appropriate. None of the factors supporting general jurisdiction are present here, and Plaintiff did not provide any evidence to contradict BC's showing. When, as here, "a plaintiff [is] seeking to hale a foreign citizen before a court in the United States," the plaintiff "must meet a higher jurisdictional threshold than is required when the defendant is a United States citizen." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993).

### III. THERE IS NO BASIS FOR SPECIFIC JURISDICTION OVER BC

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). When a plaintiff relies on specific jurisdiction, he must establish that jurisdiction is proper for "each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir.2004). None of the irrelevant and objectionable exhibits offered by Plaintiff establish jurisdiction over BC. BC has submitted separate evidentiary objections to address the specific exhibits, which it hereby incorporates by reference.

#### A. Plaintiff's Factual Contentions

##### 1. The Contract

Plaintiff claims that because BC allegedly entered into a particular contract (Filler Declaration Exhibit 1, Dkt. 56-1) (the "Contract"), BC therefore carried out substantive business over an extended period of time in California.

Assuming *arguendo* that the Contract was connected to Plaintiff (and *nothing* in the Contract indicates any connection to Plaintiff whatsoever, as the only parties to the contract are BC and New York-based law firm Boies Schiller), Plaintiff has not established (or even alleged) that BC *actually carried out* four months of work

1  in California, or any portion thereof, in connection with this single Contract. *See*
2  *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) ("a contract alone does
3  not automatically establish minimum contacts in the plaintiff's home forum";
4  "continuing relationships and obligations" required) (citations omitted). Even if
5  Plaintiff had done so, the alleged Contract was made in New York, and any contact
6  with California as a result of the Contract would be incidental and insufficient to
7  establish jurisdiction; *see also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1146-47
8  (9th Cir. 2017)("[p]hysical entry into the State … that is merely incidental to an
9  out-of-state transaction does not satisfy the constitutional minimum contacts
10 requirement.").

### 2.  BC's Alleged Retention of K&L Gates

Plaintiff next appears to be claiming that BC hired K&L Gates at some unspecified point for some unspecified work.  Pltf.'s Opp. to MTD, Dkt. 56, 4:9-18. Plaintiff appears to be asking the Court to assume jurisdiction over BC because, according to Plaintiff, K&L Gates allegedly has 90 attorneys in California.  To meet its burden on a motion to dismiss for lack of personal jurisdiction, the plaintiff is required to show that the defendant's "***suit-related conduct*** … create[d] a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (emphasis added).  Plaintiff has not even attempted to demonstrate that Defendant BC hired K&L Gates to perform any work that allegedly caused damage to Plaintiff in this action.  Moreover, there is no authority for the proposition that a defendant is subject to personal jurisdiction in any state where his attorneys maintain satellite offices.  If that were the rule, there would be far fewer motions to dismiss brought under Fed. R. Civ. P. 12(b)(2), to say the least.

### 3.  Plaintiff's Other Submissions

Plaintiff has also submitted four other irrelevant documents, which BC will address in turn in an abundance of caution.

Exhibit 3 to the Filler Declaration is a *New York Times* article purportedly

1  downloaded by Plaintiff on an unspecified date, regarding a criminal complaint by
2  Paz de la Huerta.  BC objects to this submission as irrelevant and containing
3  hearsay material.  Even if the document could be received into evidence for the
4  truth of the matters contained therein, as Plaintiff is requesting, there is nothing in
5  this document that establishes any contacts with California by BC on the level that
6  will suffice for the exercise of jurisdiction.  Exhibit 3 must be excluded.

7  Exhibit 4 to the Filler Declaration is an article from "Calcalist," downloaded
8  by Plaintiff on an unspecified date, and purportedly referencing an "apology" from
9  alleged Black Cube advisory board member Asher Tishler.  BC also objects to this
10 submission as irrelevant and containing hearsay material as Plaintiff is offering this
11 document for the truth of the matter contained therein.  Even if this document could
12 be received into evidence, there is nothing in this document that establishes any
13 contacts with California by BC on the level that will suffice for the exercise of
14 jurisdiction.  Plaintiff's counsel's statement in his declaration notwithstanding, Mr.
15 Tishler does not "admit" to anything involving Plaintiff or California.  Exhibit 4
16 must be excluded.

17 Exhibit 5 is a Declaration of Cristina De Heeren Noble about events
18 happening not in California or even in the United States, but instead in Seville,
19 Spain.  This declaration provides an account of an alleged conversation between the
20 declarant, Paz de la Huerta, and Michael Rubin, which purportedly occurred *after*
21 the expiration of the contractual relationship between BC and Boies Schiller that
22 the Plaintiff is now relying on for jurisdiction.  Plaintiff also misstates the
23 declarant's statements (e.g., incorrectly claiming that Mr. Rubin told Ms. de la
24 Huerta that "she had no case").  But regardless, the declaration does not provide
25 any information whatsoever about BC or any facts that would tend to support the
26 exercise of jurisdiction over BC.  Exhibit 5 must be excluded.

27 Finally, Exhibit 6 consists of alleged emails between Paz de la Huerta and
28 Michael Rubin (although based on the format of the exhibit, it is unclear whether

these are actually authentic emails). Even if these emails were properly authenticated and there were a sufficient basis for the Court to admit them, there is nothing in the emails that provides any information whatsoever about BC, or any facts that would tend to support the exercise of jurisdiction over BC. Exhibit 6 must be excluded.

### B. Plaintiff Has Not Met Its Burden to Demonstrate That BC Is Subject to Specific Jurisdiction

As previously indicated by BC, the Ninth Circuit uses a three-part test to evaluate specific jurisdiction. *See, e.g.*, *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011). **Plaintiff bears the burden of satisfying the first two prongs.** *Id.* (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). "The second prong … is met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995); *see also Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

**1. Plaintiff Did Not Make the Required Showing Under the First Prong**

To meet the test announced in *Calder v. Jones*, 465 U.S. 783 (1984), Plaintiff must prove that BC "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).

Faced with the fact that its FAC contains insufficient allegations against BC, Plaintiff now seeks to use the Contract as the purported basis for jurisdiction. Plaintiff claims that one of its counsel and its former client "constitute subject matter of the Black Cube contract at issue." Pltf. Opp. to MTD, Dkt. 56, 7:3-5. But this is just not true – not only are these individuals (particularly *Plaintiff*, which has filed this lawsuit) not identified in the Contract, but this allegation is not part of the FAC. Moreover, even if the Court does assume for purposes of considering Plaintiff's opposition that BC *did* come to "New York and Los Angeles per the

Client's instructions," Plaintiff has not demonstrated with any competent evidence that (1) any such visit to Los Angeles took place because of *this contract*, (2) any such work, whether performed on the contract or not, affected *Plaintiff*, and (3) BC knew that it was likely that an unknown third party would decide not to choose Plaintiff to represent her.  Even assuming Rubin was some type of BC agent (which he is not), that meeting purportedly occurred in Spain, not California.

BC already declared that it operates out of Israel and London, and any activity in California would have been incidental to its broader investigation. Yanus Decl. ¶¶ 2-8.  Under recognized Ninth Circuit authority, this is sufficient to defeat jurisdiction. *See Picot v. Weston*, 780 F.3d 1206, 1213 (9th Cir. 2015) (holding that a defendant's two trips to California did not establish personal jurisdiction where the trips were short, defendant's role in California was "relatively small," and both trips "grew incidentally" out of a broader business effort).

### 2. Plaintiff Did Not Meet Its Burden on the Second Prong

Provided with the relevant authority regarding the Ninth Circuit's "but for" test to guide analysis under the second prong of the test for specific personal jurisdiction, and given the opportunity to make this demonstration, Plaintiff fell short. *See, e.g., Ballard v. Savage*, 65 F.3d at 1500 (test requires a court to ask "but for [defendant's] contacts with the United States and California, would [plaintiff's] claims against the [defendant] have arisen?").

In an attempt to meet its burden, Plaintiff did not provide any competent evidence or even any competent argument that supports its **new** theory that the Contract was the cause of Plaintiff's harm.  Instead, Plaintiff wrote a meandering, oblique brief better suited to a QAnon thread on 4Chan, filled with irrelevant materials and references, and through the lens of a vast conspiracy directed against Plaintiff.  Plaintiff claims that "Defendant Black Cube was hired by the Weinstein Defendants to surreptitiously investigate and discredit Weinstein's accusers."  Pltf.

Opp. to MTD 14:25-26. That is *Plaintiff's counsel's* theory of BC's work. Even if true, Plaintiff still has not established a "but for" link between the BC/Weinstein relationship, the state of California, and *Plaintiff's* alleged claims in this lawsuit.[1] Plaintiff simply has not met its burden.

### 3. Plaintiff's "Agency" Theory is No Basis to Assert Jurisdiction Over BC

Plaintiff does not and cannot dispute that "[t]he use of an agency theory to find specific jurisdiction was recently rejected by the Ninth Circuit." *Roblin v. Newmar Corp.*, No. 6:17-cv-01902-MC, 2018 U.S. Dist. LEXIS 114286, at *10 n.1 (D. Or. July 10, 2018) (citing *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017)). Plaintiff's threadbare agency allegations are insufficient as a matter of law.

### C. Plaintiff Does Not Dispute That the Exercise of this Court's Jurisdiction over Defendant Would Be Unreasonable

Plaintiff did not even bother to address the seven reasonableness factors required by *Fiore v. Walden*, 688 F.3d 558, 582-83 (9th Cir. 2012). Plaintiff apparently concedes that it would be unreasonable to exercise jurisdiction over BC.

## IV. DEFENDANT HAS NOT BEEN SERVED

Plaintiff does not even address BC's arguments about service, merely stating in a conclusory fashion that "Service of Process was properly conducted under Hague Service of Process Rules." In fact, that is not correct, as BC established in its original Motion. Plaintiff has not even bothered to defend its method of service with evidence, argument, or otherwise. Plaintiff also claims that "there is no requirement for service of process in the UK," because BC is supposedly subject to Cal. Corp. Code § 2114 (although Plaintiff provides no authority for the application of Cal. Corp. Code § 2114 in this or any other case). Plaintiff is incorrect regarding the application of Cal. Corp. Code §§ 2105, 2114 because those statutes apply solely to foreign corporations "transacting intrastate business," which BC does not.

---

[1] Plaintiff also claims that BC does not deny the allegations in Plaintiff's Complaint, but that is a mischaracterization of BC's motion and evidentiary support.

*See* Cal. Corp. Code § 291(a) ("For the purposes of Chapter 21 (commencing with Section 2100), "transact intrastate business" means entering into repeated and successive transactions of its business in this state, other than interstate or foreign commerce."). Even if Plaintiff was correct, service by Fedex, which Plaintiff appears to be relying on, is still improper service under California law. *See* Cal. Code Civ. Proc. § 415.10, *et seq* (providing for service by personal service and mail). In the absence of any cognizable evidence of valid service of process, dismissal is warranted.

### V. PLAINTIFF'S COMPLAINT VIOLATES FED. R. CIV. P. RULE 8

BC has stated enough regarding the inscrutable nature of Plaintiff's FAC. Suffice to say it does not meet the Rule 8 standards and nothing in Plaintiff's opposition has proved anything to the contrary.

### VI. PLAINTIFF'S COMPLAINT VIOLATES FED. R. CIV.P. RULE 12(b)(6)

**A. Plaintiff's "Undisclosed Principal" Allegations Are Improper**

In yet another misunderstanding of BC's obligations in connection with a motion to dismiss, Plaintiff claims that "Black Cube fails to address any of the evidentiary submissions or legal support in Plaintiff's pleadings." Pltf.'s Opp. to MTD, Dkt. 56,16:22-26. To the contrary – BC has read them, considered them, assumed they are true for purposes of this motion (as required by Rule 12(b)(6) jurisprudence) and *still* has no idea what Plaintiff is alleging, except that it appears to involve the "undisclosed principal" theory.

Plaintiff cites *Klinger v. Modesto Fruit Co.*, 107 Cal.App.97, 100-01 (1930) for apparent proposition that, according to the California Court of Appeal in 1930, it was a permissible act to file a complaint first and seek actual facts in support of a claim later. Luckily, in nearly 100 years of state and federal jurisprudence (including specifically in the context of Rule 11), the process of litigation has evolved substantially.

Plaintiff did not even attempt to distinguish *Del E. Webb Corp. v. Structural*

*Materials Co.*, 123 Cal.App.3d 593, 606 (1981), which provides that "a plaintiff must know that an undisclosed principal exists in the first place before they can be made a party to an action," or any of the other authorities cited by BC. There are no *facts* that indicate a basis to hold BC accountable as an undisclosed principal of any party listed in the FAC. Plaintiff has offered only threadbare speculation regarding BC's conduct and links to other actors, and which is insufficient to state a claim for relief. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (stating that, to survive a 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level"). Plaintiff offers ***no facts*** to suggest that BC violated any laws whatsoever, let alone alleged that any such violations caused Plaintiff's injury.

### B. Plaintiff's New Theory of the "Imputed Knowledge Rule" Likewise Fails Because He Has No Facts to Indicate That Rubin Was the Principal of BC

For all the reasons stated above, Plaintiff has failed to state any claims against BC. Beyond wild speculation and conjecture, Plaintiff has not alleged – and cannot prove – that Rubin and BC were the agents of one another, let alone that BC was somehow the mastermind of any conduct alleged to be performed by Mr. Rubin.

### C. Plaintiff Does Not Dispute That BC Is Not Named In Any Of Plaintiff's Causes of Action

BC is not even named in a single cause of action in the FAC, all of which are alleged solely against "RUBIN, alternatively upon election against any Undisclosed Principal & against DOES 1 to 50)" (Claims 1 and 2) or "RUBIN" alone (Claim 3). As to Claims 1 and 2 for intentional interference with contractual relations and tortious interference with prospective economic advantage, respectively, Plaintiff has failed to allege facts supporting the elements of these claims as against BC.

## VII. CONCLUSION

For all the foregoing reasons, BC respectfully requests that this Court dismiss the FAC **without leave to amend**.

| | |
|---|---|
| DATED: September 4, 2018 | **JOHNSON & JOHNSON LLP** |
| | By /s/ Jordanna G. Thigpen |
| | Jordanna G. Thigpen |
| | *Attorneys for Defendant* BC Strategy UK Ltd. |